The next case before us today is 22-6025 United States v. Maldonado-Passage. May it please the Court, Your Honors. My name is Molly Palmer, and I represent Mr. Maldonado-Passage in this appeal. I anticipate requesting towards the end of my argument around three minutes for rebuttal. And you are in charge of that. Understood. Thank you, Your Honor. When this Court remanded Mr. Maldonado's case back to the Western District of Oklahoma for proceedings consistent with the opinion of this Court issued on July 14, 2021, the District Court imposed both an unconstitutional and an unreasonable sentence. And despite the government's contentions to the contrary, it is solely Mr. Maldonado's sentence that forms the basis of this appeal. It is his sentence that is multiplicitous, thereby violating the double jeopardy clause of the U.S. Constitution. And it is his sentence that is both procedurally and substantively unreasonable. Well, you now seem to be arguing against the District Court's conclusion that your claims were barred by the scope of the mandate. But you didn't brief that, and the District Court ruled on two grounds, and you only addressed one of them. I mean, don't you lose? No, Your Honor. Here we had— Did you say, yes, you lose, or yes, Your Honor, answer the question? Yes, Your Honor, I will answer the question, and no, we do not lose. It was a general remand from this Court, July 14, 2021. And although I filed a motion to reconsider, a pretrial motion to dismiss, which the District Court denied, at that point, Mr. Maldonado had not yet been sentenced. It is at his sentencing hearing where I objected to the counts running consecutively where we have the due process issue, because the due process clause provides that you cannot be punished twice for the same offense. When I filed the motion to reconsider, the pretrial motion to dismiss, I technically asked for merger. I didn't ask for a dismissal. The Court declined to entertain that motion, but what's at issue is the Court's final order that runs counts one and counts two, the two violations of 18 United States Code, 1958A, consecutively. And the Court solicited an argument from me on that issue. In fact, on page 22— I think you misunderstand my question. My question is about what you argued to us, not what you argued to the District Court. As I understand the District Court's ruling, there were two grounds, and the way it was briefed to us, there was only argument on one of those grounds. We have briefed, Your Honor, the multiplicitous nature of counts one and counts two. We are arguing that the District Court's resentencing hearing, the order that the District Court fashioned on January 28th of 2022, imposed an unconstitutional sentence. The District Court can still deny a pretrial motion to dismiss. Multiplicitous charges can be submitted to a jury. But it was the Court's imposition of consecutive sentences on counts one and counts two that has resulted in a sentence that violates the U.S. Constitution and the Double Jeopardy Clause of the Fifth Amendment. In your opening brief, you argue that the motion was without merit. You argue that counts one and two were the same crime and should be merged for sentencing. Correct. But the Court also ruled separately, a separate ground for denying your motion, that your argument was beyond the scope of the mandate. In your opening brief to us, I see nowhere where you take on the Court's decision that you tried to exceed the scope of the mandate. And so that's the question I'm posing to you. I don't want to know what you argued on the second one. I want you to show me where you raised in your opening brief an argument that the Court was wrong when it said that you exceeded the scope of the mandate. The Court at the sentencing hearing limited the scope of what was going to be heard as to sentencing and said, I'm not going to entertain any newly raised or raised for the second time objections to the PSR, which we did submit as to all of the counts. But then the Court said, explicitly to me, asked whether or not he could run counts one and counts two consecutive or concurrent. The Court at sentencing did not limit the scope of the mandate as it related to those two counts being sentenced in a manner under the stacking rules 5G 1.2. Which court? This court when it ruled and then sent it back or the district court? The district court at the resentencing hearing on January 28, 2022, after it had declined to review a pre-trial, a renewal of a pre-trial motion to dismiss. Specifically elicited from me on page 22 of the record of the transcript. Ms. Palmer, don't I have to run counts one and counts two consecutively under the grouping rules? To which I said no. And in fact, you can't run them consecutively because it will violate due process. And that, and then I objected at the conclusion when the court ordered a sentence, I objected precisely to that constitutional issue. As well as the sentence being unreasonable. And that's what's before the court. Well wait, it's only before the court if you argued it to this court. So what you argued to the district court isn't answering my question about whether in your opening brief you challenged both grounds of the district court's decision. What I challenged in my opening brief is the sentence. It is the order that was entered on January 28, 2022. That is what I have been challenging throughout all of our appellate litigation. Now, I did file a motion to reconsider a pre-trial motion to dismiss. And like I said, at that point, my client had not been sentenced. And certainly there are some relationships between filing a motion, a pre-trial motion to dismiss counts as multiplicitous. But at that point, you're not sentenced. There are, you know, at this point my client had not been given consecutive sentences, which violated the Constitution. And what I asked for in that motion was merger. But the court denied it. But the fact that the court specifically elicited from me testimony about whether or not to run counts one and counts two concurrent or consecutive forms the basis of my opening brief and the basis of my argument before this court today. Let me try to go at it a little bit different. We sent this court, sent it back for grouping. That's the issue that we had in that case. It comes back for the district court to group. Did the district court group it, group the sentencing? Yes, Your Honor. The district court did group counts one and counts two. So what's left? The issue . . . Well, this was a general mandate. This was a general mandate, and the court specifically, the district court asked me about concurrent or consecutive sentences. And what really is important here is that 18 United States Code, 1958A, criminalizes a course of conduct. And we have seen the First Circuit in U.S. v. Gordon find that the unit of prosecution is a course of conduct, one plot to kill one person. Let me interject again. Mr. Maldondo Passage, when he initially raised his multiplicity argument pretrial, identified the unit of prosecution as, quote, a single plot to murder a single individual. You're now arguing for a focus on the victim. Isn't it invited error? No, Your Honor. You can't change your argument after he's convicted to say, oh, now the unit of prosecution is something different. We believe that it is one plot to kill a single person and that in this case there is only one plot based on this court's previous decision, the opinion from July 14, 2021. It doesn't say that, counsel. What . . . Well, go ahead. Because in this case, we have the unit of prosecution being a single plot to kill a single person. And what the court cited, the district court, in its motion to deny, in its denial of the motion to dismiss, it cites U.S. v. McCulloch, a 2006 case. Judge Murphy was on that panel. And it says the test for multiplicity is whether the individual acts alleged in the counts at issue are prohibited or the course of conduct that they constitute. If the former, then each act is punishable separately. And if the latter, there can be but one penalty. And in this court's previous decision from July of 2021, it held that counts one and counts two were, in fact, part of the same course of conduct. Can you find that and give me that quote exactly? Because I don't read that first case that way. McCulloch? No. Our case that came out of the Tenth Circuit. Yes. You're arguing a different case than our case that we have. Because the first panel that handled this case did not say that it was one action. The first panel, Hartz, Kelly, and Phillips, I believe it was, held that counts one and counts two were, in fact, part of the same course of conduct under both 1B1, 3A2, and 3D1.2B. And so with that finding that counts one and counts two were part of the same course of conduct, and I quote, they were similar, regular, and always contemporaneous. Well, you're looking at two different things. First of all, the prior decision didn't rule on 18 U.S.C. 1958A. It looked at the sentencing guidelines, and that is focused on whether it's substantially the same harm. It's a different test than what we're looking at under the unit of prosecution test. They're not the same, and the prior decision did not rule on this issue. And I would say, Your Honor, that there is a way to analogize the reasoning, and in fact, the Sixth Circuit in U.S.V. Wynne, which resulted in a merger of counts of 1958A, noted that the grouping counts under the guidelines involves a similar analysis as does determining the unit of prosecution. They said, We said in United States v. Wilson that separate phone calls, which are violations of 18 U.S.C. 1958, must be grouped together under the guidelines. If they are connected with the murder of one individual, so too separate phone calls, which relate to one plan to murder one individual, constitute only one violation. But that was in Wynne, it's one hit man with multiple phone calls to that person to kill one person. Here, what was prosecuted and what the jury found were two separate plots, one with one hit man and one with another hit man, that did not overlap in time. Your Honor, we believe they did overlap in time. This court found that they were almost contemporaneous. And the introduction of the second hit man was done solely on the government's initiative alone. It was an undercover agent. And so with that theory... What does that matter? It matters because this was actually discussed in Gordon where the court said that the First Circuit said, Adopting the government's suggested unit of prosecution is particularly problematic in cases like this one, in which the government uses an undercover agent who, by controlling contact with the defendant, can easily manipulate the number of chargeable counts. Here, for example, the government put on its... It was, but in Gordon there were multiple people involved in the scheme to kill. And that's often what we see. There's one person who's contacted, like a jailhouse type of co-detainee, and then they arrange a hit man. So if we use a unit of prosecution that's the means, not the ends, then we can have a situation where the government can manipulate a case, involve multiple undercover agents, make multiple phone calls, and someone would be subject to a 30-year stat max rather than a 10-year stat max when there's no injury. Are we talking about Judge Selye's First Circuit case? Is that the one you're talking about? I'm talking about, yes, the First Circuit in U.S. v. Gordon. And if we don't agree, we'd be creating just a split in the circuit, right? I think if you don't find that it's one plot to kill one person and that Congress intended to criminalize a course of conduct wherein the harm you look at the- My point was if we don't agree with that opinion, we just don't agree with that opinion. Isn't that correct? That is correct, yes. And, Your Honors, I am going to reserve my time for rebuttal. I would also say that we believe that this, if remanded, this case necessitates reassignment to another judge for the appearance of impartiality. And perhaps the district judge would be reasonably expected not to be able to put the prior decision out of his head. Thank you. Thank you, Your Honor. May it please the Court, Stephen Craig on behalf of the United States. The district court properly sentenced Mr. Maldonado Passage to 252 months imprisonment on resentencing. As to the first issue, the multiple city issue, I think the court has pretty well, and the questions it's asked, hit the nail square on the head. This court- Please raise the voice on his mic. If you'll give me just a second to cough, I'll endeavor to speak up as well. Excuse me. This court hit the nail on the head when it began asking questions about the scope of the mandate amendment. Contrary to what Ms. Farmer has argued, this was not a general remand. This was a remand for resentencing. In the first appeal, this court affirmed the convictions and remanded for resentencing. As a result, the first question is, what is the remedy for the multiple city issue? The Supreme Court made that abundantly clear in the ball. The only remedy for a multiple city violation is vacature of the convictions. Running sentences concurrently is inconsistent with the Congress' intent when it defines the unit of prosecution, or when it defines different elements of different cases. This court said that in the United States v. Johnson, that simply not imposing a sentence for multiple city counts is insufficient. The vacature is the only remedy. Thus, the scope of the mandate, which was limited to resentencing, did not allow for Mr. Mulder not of passage to challenge the multiplicity of the counts. Because you're saying that goes to the conviction? Correct. All right, thank you. But even if this court went past the mandate rule, there's a second problem. This is a problem that I think Judge Hughes touched on in her questioning, which is the only argument that was raised as to the first issue, as to the multiple city issue, was an attack on the multiplicity of the counts, sentences and ultimately convictions. The brief before this court did not attack the denial of the motion to reconsider. However, the opening brief before this court didn't even attack the sentencing issues. Pages 429 and 430 of the appellant's appendix, which were raised in the reply brief, were not raised in the argument section in the opening brief. Thus, even if you bypass the scope of the mandate, there's still a waiver issue on that count. Going past that, the question that this court has to address is what is the order under review? It cannot be the original pretrial denial of the motion to dismiss. That was incorporated in the original judgment. On resentencing, the amended judgment only covers what happened after the original sentencing until the amended judgment was issued. As this court explained in a footnote in the United States v. Anthony and in the amendments. Thus, the question, if there is any question to be reviewed by this court as to multiplicity, is the denial of the motion to reconsider. As this panel has already noted, there is the mandate issue as one of the reasons given, but there is also the substantive law with regards to motions to reconsider. And I believe, as Judge Baldock noted, the district court interpreted the opinion of this court and the prior appeal in the same manner, that it only addressed 3D1.1B. It did not address the multiplicity issue. As a result, the district court concluded there was not a reason to reconsider its prior order of dismissal. Excuse me. I'm happy to talk about multiplicity on the merits, but the government's decision is this court shouldn't reach that issue. Why don't you focus on sentencing, whether it should be concurrent or consecutive. Okay. On appeal, with regard to the sentencing issue, Mr. Maldonado Passage raised three procedural claims and one substantive claim. The first procedural claim that he raised involved the district court's explanation. But what was missing from Mr. Maldonado Passage's analysis in the opening brief was the fact that the district court adopted the reasoning that it gave at the original sentencing hearing as amended by the supplemental explanation it gave at resentencing. As this court explained in McComb, where there's a within-guideline sentence, there only has to be a general explanation. Here, I would submit the district court's five-page explanation of the original sentencing as supplemented by approximately two to three pages was more than sufficient as to that. The second procedural issue that he brought up was the district court's decision to limit the scope of the information that it considered. Specifically, new information, new affidavits submitted in conjunction with the sentencing memorandum. The district court, properly under West, decided not to expand the scope of the remand to consider those additional issues, and that wasn't an abuse of discretion because the district court, I think, had a pretty good sense that proved true that those issues would be brought up in a motion for a new trial, which is currently pending in the district court. The third point that Mr. Molinotto's passage brought up was the district court's failure to consider cases in the sentencing exhibit. There was a list of approximately eight or nine cases, I believe, and Mr. Molinotto's passage is Sentencing Exhibit 1. But the district court, first of all, explained that it had looked at most of those. It then went back to the chambers for further consideration before announcing sentence. While the district court did not specifically go through every case or necessarily address every case on its own, this court explained in Weyermann that it does not have to, that the district court can functionally reject an argument by the defendant. And the district court probably did so here in light of this court's decision in Franklin, where it explained that if you counsel-select cases before different judges involving different facts, they're almost always going to be useless. Finally, as to the substantive reasonableness, the district court considered all of the different 35-53A factors. It considered the fact that Mr. Molinotto's passage now after remand was only, the guidelines only considered one murder-for-hire plot, the hiring of one hitman, but here Mr. Molinotto's passage hired a second hitman. Additionally, the district court considered the fact that there were 17 more counts for violations of the Endangered Species Act and the Lacey Act. At the end, the district court sentenced within the guideline range, near the top of the guideline range, but this accounts for all of the additional conduct that simply was not taken into account by the guidelines. The district court also considered Mr. Molinotto's passage's arguments in mitigation, both its original explanation of the sentence as well as the explanation on remand, lowering Mr. Molinotto's passage's sentence by 12 months. And at the end of the day, even if this court were to conclude that a lower sentence would have also been reasonable, that's simply not sufficient. The standard of review is whether the decision to run sentences consecutively or concurrently or the sentence as a whole was arbitrary, capricious, whimsical, or manifestly unreasonable. Well, didn't the court apply 5G 1.2D to determine that they would run consecutively rather than concurrently? Yes, Your Honor. And in fact, the policy that Ms. Palmer was talking about, what the district court asked was, aren't we getting, in talking about consecutive versus concurrent, aren't we getting essentially the cart before the horse? Shouldn't I determine what the total term of imprisonment should be and then look at how to structure the consecutive versus concurrent sentences? And so in the unlikely event, or I would hope unlikely event, that there's a remand solely on the basis of should count one and count two run consecutively or concurrently, all the district court has to do is change how it structures the sentencing. It could run counts one and two concurrently and could run other counts consecutively still to get to the 252-month sentence. Unless the court has any further questions on that, I'll briefly address Ms. Palmer's last request, which is the first time that I understand her to be making in this court, which is reassignment to a different judge. I would point out that Mr. Maldonado Passage filed a motion to recuse in the district court. The district court denied that motion, and that has not been appealed. And moreover, it's an argument being raised for the first time on appeal. Judge Polk has been very even-handed in this case. Going so far as, at least I think in the government's opinion, to add the defendant's request in over the government's objection, at least temporarily seal the sentencing memorandum for no reason. Essentially, the government saw no reason in sealing it. Eventually, Mr. Maldonado Passage agreed to unsealing it, but it was only whenever Mr. Maldonado Passage agreed to the unsealing that the district court unsealed it. I say that not to challenge what the district court did, but simply to say the district court has been fair to both sides, and I see no reason for reassignment in the event of remand. Thank you. Thank you. Any questions? You've got 33 seconds. Your Honor, just so I can touch briefly on this idea of the only remedy is vacating the conviction. It's not true. A closer reading of Ball shows that those cases where the court says you must vacate the conviction are two separate statutory codes, or two separate subsections of a code. Here we have just one, 18 U.S.C. 1950AA, and so the court can merge. That's what happened in Darnforth, the District of Idaho case. That's what happened in U.S. v. Gordon, and that's what happened in U.S. v. Wynn. Vacating a conviction is only necessary if you're dealing with multiplicitous counts that have two different statutes implicating two separate statutes. And I would just say, Your Honor, if you believe there is another unit of prosecution, the rule of lenity should apply, and you should still rule for the defense, even if you believe that a hitman is what makes a second plot. Thank you. We will take the matter under advisement, and court is adjourned. Thank you.